IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,               )<br>                                                                    )<br>                         Plaintiff,              ) Case No. CV04-555-S-EJL<br>                                                                    )<br>vs.                                                             ) MEMORANDUM ORDER<br>                                                                    )<br>WASHINGTON GROUP INTERNATIONAL, )<br>et al,                                                           )<br>                                                                    )<br>                         Defendants.         )<br>                                                                    ) | |

Pending before the Court in the above-entitled matter are Defendants' motion to dismiss for lack of personal jurisdiction and a motion to dismiss or stay pending resolution of the bankruptcy proceeding. The parties have submitted their responsive briefing and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

The complaint in this matter is brought by the United States of America alleging claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et. al*, the Foreign Assistance Act of 1961, 22 U.S.C. § 2399b, and common law theories. (Dkt. No. 1). The claims arise out of the alleged fraud on the part of the Defendants in securing five separate United States Agency for International Development ("USAID") funded host country construction contracts and the subsequent submission of false claims, payment demands, records, and statements to USAID to induce payment from the same. Defendants are Washington Group International, Inc.[1] ("WGI"), Contract International Inc. ("CI"), and Misr Sons Developments S.A.E., a/k/a Hassan Allam Sons ("Misr Sons").

---

[1] WGI was formerly known as Morrison Knudsen Corporation and, during the time of this complaint, was doing business as Washington International, Inc. and/or Morrison Knudsen International, Inc. which are collectively referred to as "MK." (Dkt. No. 1).

MEMORANDUM ORDER - Page 1
06ORDERS\Washington04-555

The construction contracts were entered into for the purpose of facilitating work to be done in the Arab Republic of Egypt ("Egypt") funded in large part by USAID. Bidders on these contracts were required to comply with the USAID nationality, source, and origin regulations which specified that bids would only be accepted from American contractors. The United States asserts that the Defendants in this action entered into a secret, undisclosed joint venture agreement with Misr Sons, an Egyptian corporation, whereby the American contractors, WGI and CI, became pre-qualified and submitted bids for the USAID projects while not disclosing their agreement with Misr Sons. In doing so, the United States claims the Defendants obtained five USAID-funded contracts unlawfully because the presence of Misr Sons destroyed their nationality-eligibility to bid on such contracts. After securing the contracts, Defendants caused false and untrue invoices for payment to be submitted to the USAID fraudulently certifying that the nationality requirements were satisfied. WGI has now filed its first motion to dismiss or in the alternative stay this action pending resolution of bankruptcy proceeding. Misr Sons also filed a motion to dismiss for lack of personal jurisdiction to which neither WGI nor CI oppose. The United States opposes both motions.

**Discussion**

1)  <u>Misr Sons' Motion to Dismiss</u>:

Misr Sons has filed its motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). As a company incorporated and organized under the laws of Egypt with its principle place of business located in Cairo, Egypt, Misr Sons contends personal jurisdiction in this District cannot lie for three reasons: 1) Misr Sons has never made or performed any contract to provide goods or services in Idaho; 2) Misr Sons has no place of business or property in Idaho; and 3) Misr Sons is not licensed or qualified to do business in Idaho. Misr Sons argues that the only contact with Idaho were eight visits by a small group of Misr Sons' employees to Idaho lasting only three to five days each. These "brief and infrequent visits," Misr Sons' asserts, do not establish personal jurisdiction in Idaho. In response, the United States argues the FCA provides a statutory basis for personal jurisdiction and that Misr Sons has sufficient minimum contacts with the United States such that they are subject to this Court's jurisdiction.

Because this motion is resolved without a hearing, the United States need only make out a prima facie case to withstand a motion to dismiss for lack of personal jurisdiction. See Data Disc, Inc. v. System Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977). This requires that the United States to demonstrate facts that, if taken as true, would support exercising jurisdiction over the Defendants. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted). Factual conflicts between the parties contained in their affidavits are resolved in the plaintiff's favor. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). The United States points to the FCA, which provides for worldwide service of process, as the statutory basis for jurisdiction in this matter; section 3732 of the FCA states:

> False claims jurisdiction
>
>   (a) ACTIONS UNDER SECTION 3730.--Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.
>
>   (b) CLAIMS UNDER STATE LAW.--The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government....

31 U.S.C. § 3732. "Where, as here, there is a federal statute that permits worldwide service of process, the relevant inquiry is whether the defendants have minimum contacts with the United States as a whole." United States v. Dowty Woodville Polymer, LMT, 976 F.Supp. 207, 210 (S.D. N.Y. 1997) (citations omitted). The exercise of personal jurisdiction over a foreign defendant requires that those defendants "have certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Because neither party argues the existence of general jurisdiction in this case, the Court will discuss only specific personal jurisdiction.  It is well established in the Ninth Circuit that three conditions must be met before a court may exercise specific personal jurisdiction over a nonresident defendant: (1) the nonresident defendant must purposefully conduct activities within the forum by which it purposefully avails itself of the benefits and protections of the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable such that it comports with fair play and substantial justice.  Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001); see also Schwarzenegger, 374 F.3d at 802; Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991).         The United States argues personal jurisdiction is proper here because Misr Sons caused false statements to be submitted to the USAID and it participated in an agreement with the other Defendants to defraud an agency of the United States government.  Moreover, the United States alleges minimum contacts exist because the fraudulent activity was planned and implemented during the meetings in Idaho at which high level Misr Sons' officials participated and Misr Sons purposefully availed itself of the benefits of the United States by entering into the joint ventures which Misr Sons knew would ultimately be funded by the USAID through fraudulently obtained contracts.  Misr Sons focuses on the lack of contacts with Idaho and maintain that the limited meetings in Boise do not satisfy the constitutional prerequisites for jurisdiction.

   a) <u>The nonresident defendant must purposefully conduct activities within the forum</u>:

The requirement that the defendant do some act purposefully to avail itself of the laws of the forum state ensures that a person is not hailed into court as the result of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties.  Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2183 (1985).  Thus, the Court must examine whether Defendant's activities were directed purposefully toward the forum.  Id. at 2184.  "Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'"  Doe, 248 F.3d at 923 (citing Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)

(quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)). Incorporating the standards set forth in Burger King, the Ninth Circuit has expounded upon the requirements for purposeful availment, noting that purposeful direction of some act having effect in the forum constitutes sufficient contact to exert jurisdiction, and that a lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. Doe, 248 F.3d at 923 (citing Haisten v. Grass Valley Medical Reimbursement Fund, LTD, 784 F.2d 1392, 1397 (9th Cir. 1986)). The purposeful availment requirement is met in this case.

There is no dispute that Misr Sons' employees attended meetings on approximately eight occasions in Boise, Idaho. The United States alleges that at these meetings the parties discussed, planned, and implemented the secret joint venture which has given rise to the claims in this suit. The United States maintains that the joint venture agreements were negotiated and signed at these meetings both in Boise, Idaho and Cairo, Egypt and that the bid materials for the USAID contracts were prepared at the meetings. Although Misr Sons disputes this allegation, the Court must take the Plaintiff's allegations here as true. See Schwarzenegger, 374 F.3d at 800. Misr Sons points to Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990) for the proposition that the mere existence of a contract with a party in the forum state does not constitute sufficient contacts for specific jurisdiction. (Dkt. No. 35, p. 4-5). In Sher the Ninth Circuit stated "Although some of [plaintiff's] claims sound in tort, all arise out of [plaintiff's] contractual relationship with the defendants. In such a case, the mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction. Instead, we must look to prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing to determine if the defendant's contacts are substantial and not merely random, fortuitous, or attenuated." Sher, 911 F.2d at 1362 (internal quotations and citations omitted); see also Doe, 248 F.3d at 923 ("an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts' to support personal jurisdiction.") (citations omitted). The United States' claims here, however, appear to sound in tort, not contract. The allegations in the complaint here arise from the false statements made by Defendants used to secure the host-country contracts. Neither those contracts nor any contracts between the Defendants,

however, are the source of the claims brought by the United States nor are the contracts the source of this Court's exercise of personal jurisdiction.

As further evidence of purposeful availment, the United States also argues that Misr Sons' participation in the joint venture for ten years resulted in foreseeable consequences in the United States including the acts of defrauding the United States government. In particular, the United States alleges that Misr Sons knew that pre-qualification materials and/or bids for host-country construction contracts which failed to disclose the existence of the joint venture would be submitted and that the USAID would pay out on those contracts which would not have otherwise been secured had the joint venture been disclosed. Misr Sons challenges the United States' use of this "conspiracy theory" as the basis for personal jurisdiction, arguing that there are no facts alleged that it, as opposed to the Defendants as a group, conducted activities amounting to purposeful availment. Instead, Misr Sons maintains, its activities were directed at Egypt and the limited number of meetings in Idaho were "strictly incidental to its activities in Egypt, and took place in the U.S. for the sole convenience of the other defendants." (Dkt. No. 35, p. 4).

A conspiracy theory cannot alone give rise to jurisdiction. "The cases are unanimous that a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough." Stauffacher v. Bennett, 969 F.2d 455, 460 (7th Cir. 1992) (reviewing personal jurisdiction under the state long arm statute in a RICO case and concluding the plaintiffs had not shown a conspiracy existed), *superseded on other grounds by amendment of rule* (finding nationwide service of process under § 1965(b); see Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 941(7th Cir. 2000).

Here, however, the United States has alleged more than simply the existence of a conspiracy between Misr Sons and the other Defendants as a basis for jurisdiction. The involvement of Misr Sons at the meetings in Idaho where the Defendants agreed, implemented, and began their joint venture is one basis for jurisdiction. At these meetings, the United States argues, Misr Sons presented bid estimates, negotiated, and prepared bids for submission. In doing so, the United States alleges that all Defendants knew pre-qualification materials and contract bids which did not disclose their joint venture would be submitted whereby the Defendants, including Misr Sons,

MEMORANDUM ORDER - Page 6
06ORDERS\Washington04-555

would profit from the fraud.  This argument does not rest simply on the fact that Misr Sons entered the United States for these meetings but, more importantly, that at these meetings the Defendants formed their agreement and implemented their scheme to defraud the United States which is the precipitating factor giving rise to the cause of action in this case.  On this motion the Court construes these disputed allegations in favor of the United States and agrees that the allegations are sufficient to find purposeful availment by Misr Sons.  Whether these allegations can be proven at trial is left for another day.  See Data Disc, Inc. v. System Tech. Assocs., 557 F.2d 1280, 1285-86 n. 2 (9th Cir. 1977) ("Of course, at any time when the plaintiff avoids a preliminary motion to dismiss by making a prima facie showing of jurisdictional facts, he must still prove the jurisdictional facts at trial by a preponderance of the evidence.").

   b)  <u>The claim must arise or result from forum-related activities</u>:

To determine whether a plaintiff's claims "arise out" of a defendant's forum-related activities, the Ninth Circuit adopted a "but for" analysis.  See Ballard, 65 F.3d at 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991)).  Thus, specific personal jurisdiction is proper only where "but for" Defendant's activities in the forum, Plaintiff's injuries would not have occurred.

The claims brought here arise out of the false representations made by the Defendants relating to the USAID contracts to the United States.  The United States' allegation is that the joint venture was discussed, planned, and initiated at the meetings in Idaho.  Misr Sons argues the meetings were purely incidental to Misr Sons' activities in Egypt and could have taken place anywhere but were held in Idaho for the convenience of the other Defendants.  (Dkt. No. 35, p. 6).  Additionally, Misr Sons argues the United States has failed to show that but for its contacts with the United States the claims would not have arisen nor is there any allegation that the USAID contracts would not have gone forward without Misr Sons' contacts with the United States.

The United States has met this element.  The claims raise here arise from the alleged fraud by the Defendants upon the United States government where by the Defendants agreed among themselves to not disclose the existence of a joint venture with Misr Sons which would make the

MEMORANDUM ORDER - Page 7
06ORDERS\Washington04-555

Defendants ineligible for the contracts they were awarded had the joint venture been disclosed. This fraud, the United States argues, was agreed to by Misr Sons with the other Defendants. Were it not for Misr Sons' participation in the joint venture there would be no fraud claim. Each of the Defendants, the United States alleges, agreed to make the false statements/misrepresentations on the pre-qualification and contract bids that were submitted to the United States in the United States and upon which the United States paid funds. Upon these allegations, the Court concludes the United States has alleged facts sufficient to satisfy the but for prong of the analysis.

   c)  <u>The exercise of jurisdiction must be reasonable</u>:

  Misr Sons contends jurisdiction over it in this District is not reasonable as it has not purposefully interjected itself into the affairs of this country as its work has been undertaken solely in Egypt and had no dealings with the United States government. Moreover, Misr Sons argues requiring it to defend itself here is burdensome. The United States maintains jurisdiction over Misr Sons is reasonable. We examine seven factors to determine whether exercise of jurisdiction is reasonable: existence of an alternative forum; burden on the defendant; convenience and effectiveness of relief for the plaintiff; most efficient judicial resolution of the dispute; conflict with sovereignty of the defendant's state; extent of purposeful interjection; and the forum state's interest in the suit. <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1075 (9th Cir. 1986) (citations omitted).

  "We look first to the burden on the defendant of litigating in the chosen forum...Evaluation of this burden often contemplates a foreign, as in non-U.S., defendant haled to court in the United States. In such cases, '[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.'" <u>Tuazon v. R.J. Reynolds Tobacco Co.</u>, 433 F.3d 1163, 1174 (9th Cir. 2006) (quoting <u>Asahi</u>, 480 U.S. at 114). Misr Sons is a foreign corporation located outside the United States raising obvious financial and logistical difficulties resulting in this factor weighing in favor of Misr Sons. This concern, while not insignificant, is diluted some what by the fact that Misr Sons has sent employees to Boise, Idaho previously and that Misr Sons' employees are sophisticated business individuals.

This forum is clearly the most convenient for the United States and likely the most effective form for the United States to obtain relief.  In addition this forum has an interest in resolving the dispute as it is the tax payers of this country who were ultimately defrauded by the alleged scheme.  Further, because the other Defendants are located here and the law upon which the claims are brought is federal law, this forum would be the most effective for efficient resolution of the matter.  Neither party has asserted there exists a conflict with Egypt nor discussed the availability of an alternative forum.  Misr Sons focuses on the purposeful interjection factor and maintains, as it did with purposeful availment above, that Misr Sons itself has undertaken no action by which it has interjected itself into the jurisdiction of this Court.  Although it is not alleged that Misr Sons was the one who submitted the documents to the United States government, it is alleged that Misr Sons assisted in the preparation of the bid materials and was involved in the discussions regarding the bids and contracts at issue in this case.  While the level of Misr Sons' involvement is not entirely clear at this stage in the proceeding, there are sufficient facts alleged that Misr Sons' actions warrant exercising personal jurisdiction at this point.  Exercising personal jurisdiction over Misr Sons in this case comports with "fair play and substantial justice."  Burger King, 471 U.S. at 476.  In determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation."  Shaffer v. Heitner, 433 U.S. at 204.  The "relationship among the defendant, the forum, and the litigation" is that Misr Sons' employees traveled to Boise, Idaho for meetings with other Defendants where, the United States contends, the joint venture was discussed, agreed upon, and implemented.  This joint venture gives rise to the claims in this case.  Therefore, while the burden of having to litigate here weighs in favor of Misr Sons, the remaining factors either weigh in favor of the United States or are neutral.  The Court concludes exercising jurisdiction is reasonable.

2)      <u>Defendants' Motion to Dismiss/Stay</u>

Defendant WGI has filed a motion to dismiss or stay this action in light of the Bankruptcy Court's preliminary ruling retaining jurisdiction and barring the United States' claims because it failed to timely file such claims in the bankruptcy proceeding.  Deferring to the Bankruptcy Court, WGI argues, would satisfy the goals of comity and judicial economy as the Bankruptcy Court has

MEMORANDUM ORDER - Page 9
06ORDERS\Washington04-555

expended significant time and made certain rulings on the claims brought in this case. In addition, WGI challenges the merits of the United States' claims raised in the complaint and asserts its claims should have been filed prior to the conclusion of the bankruptcy proceeding. The United States opposes the motion maintaining that this Court has subject matter jurisdiction over the claims which is unaffected by any WGI defense that the claims were discharged in Bankruptcy. In fact, the United States asserts judicial economy is better served in this Court as it is this Court who will consider the fraud claims as to the other Defendants. Because the fraud was hidden and discovered only after the bankruptcy plan was confirmed, the United States contends, its claim against WGI was not discharged in the bankruptcy proceeding and asks this Court to so rule.

WGI filed a voluntary Chapter 11 bankruptcy petition on May 14, 2001. All claims against WGI were to be filed in the fall of 2001. Although the United States had filed other claims in the bankruptcy proceeding, the United States filed no claims relating to these matters. The final reorganization plan was confirmed on December 21, 2001 and became effective on January 25, 2002 whereby any claims arising prior to the effective date not raised were discharged. WGI argues that because the contracts and actions alleged in the complaint here occurred prior to the effective date the United State's claims are barred. In addition, WGI points to the Bankruptcy Court's order retaining jurisdiction over a broad range of claims and all disputes over the existence, nature, or scope of the discharge. The United States asserts it first discovered the existence of WGI's joint venture with Misr Sons in late March of 2002 and, therefore, it was unable to file a claim in the bankruptcy proceeding. In response to the filing of this complaint, WGI filed a complaint for declaration and injunctive relief in the Bankruptcy Court. A hearing on WGI's complaint was held on June 20, 2005.

Having reviewed the parties arguments on this motion and the record herein, the Court finds a stay is appropriate in this matter. The transcript of the hearing before the Bankruptcy Court reveals that the issues raised here were at the forefront of the Bankruptcy Judge's mind. The parties and the Bankruptcy Court engaged in a lengthy discussion regarding these issues. It appeared that the Bankruptcy Court would rule on the motion before it on or before August 30, 2005, a date subsequent to the completion of the briefing on the motion pending in this matter. To date there

is no indication in the record before this Court regarding what the Bankruptcy Court decided. Therefore, the Court finds it appropriate to stay this action and direct WGI to notify this Court within five days of any decision by the Bankruptcy Court and file that decision in the record in this case.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Defendant Misr Sons' Motion to Dismiss (Dkt. No. ) is **DENIED**.

2) Defendant WGI's Motion to Dismiss or Stay (Dkt. No. ) is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss is **DENIED** and the motion to stay is **GRANTED**. This action shall be **STAYED AS TO ALL PARTIES** until such time as this Court is notified of the decision by the Bankruptcy Court of Nevada in Case Number BK-N 01-31627-GWZ.

DATED: **March 22, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge